UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

MELISSA WHEELER,

        Plaintiff,

   v.

CSK AUTO, INC., and DOES 1 through 100, inclusive,

        Defendants.

NO. CIV. S 03-2090 MCE GGH

ORDER

----oo0oo----

On August 24, 2005, after previously filing a similar motion that was improperly noticed, Larry Schapiro, Plaintiff's counsel in this matter, filed a Notice of Motion for Relief from Entry of Judgment pursuant to Federal Rule of Civil Procedure[1] 60(b). In that Notice of Motion, which is now before the Court, attorney Schapiro states that he was unable to timely oppose Defendant CSK Auto's Motion for Summary Judgment, which ultimately was granted on August 10, 2005, because of his

---

[1] Unless otherwise noted, all further references to "Rule" or "Rules are to the Federal Rules of Civil Procedure.

1

"physical ailments". While Schapiro goes on to state that those infirmities are "noted with more particularity" in a concurrently filed declaration, no such declaration was submitted to the court. In addition, the Notice of Motion also references a supporting memorandum of points and authorities which was also not filed.

On September 9, 2005, defense counsel Mark Van Brussel filed a declaration, in response to Plaintiff's Notice of Motion, which confirmed that the supporting papers referenced in Plaintiff's Notice of Motion were never provided to him. Mr. Van Brussel goes on to state that he called attorney Schapiro about this omission. According to defense counsel, Schapiro advised him that he had not prepared any additional papers and asked for an extension of time to do so. Mr. Van Brussel declined the request for an extension. No additional papers have been filed by attorney Schapiro since that time. In addition, Mr. Schapiro has taken no steps to either continue this motion or to remove it from the Court's calendar.

Plaintiff's motion as constituted includes no facts or argument to support any claim that the judgment entered herein be vacated pursuant to Rule 60(b). The motion is accordingly DENIED.[2]

Under the circumstances counsel for the defense has requested that sanctions be imposed on attorney Schapiro for filing a patently untenable motion. Rule 11 makes every

---

[2] Because oral argument would not be of material assistance, this matter was deemed suitable for decision without oral argument. E.D. Local Rule 78-230(h).

2

1 signature on a pleading, written motion or other paper a
2 certification of the merits of the document.  Rule 11 authorizes
3 sanctions to, *inter alia*, deter baseless filings made without
4 factual foundation.  <u>Zaldivar v. City of Los Angeles</u>, 780 F.2d
5 823. 831 (9th Cir. 1986).  The award of such sanctions are within
6 the Court's discretion.  Fed. R. Civ. P. 11(c).

7     Given the utter lack of any substantiation for the instant
8 motion, and attorney Schapiro's abject failure to remedy the
9 situation even after the shortcomings of his motion were
10 expressly brought to his attention by opposing counsel, the Court
11 does conclude that sanctions are in order for defense counsel
12 having to respond to the motion.  While attorney Van Brussel asks
13 for a total of $756.00 for time expended for that purpose
14 (consisting of 2.4 hours of time at a discounted hourly rate of
15 $315.00), in the Court's view that amount is excessive given the
16 circumstances of this motion.  Attorney Schapiro shall pay the
17 sum of $250.00 in sanctions to Mr. Van Brussel and his firm,
18 Seyfarth Shaw LLP.  Those sanctions shall be remitted not more
19 than ten (10) days following the date of this Order.

21     IT IS SO ORDERED.

23 DATED: September 28, 2005

26 _____
27 MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

3